BROWN ET AL. *v.* STAPLETON.

[No. 27,328.   Filed January 23, 1940.]

388

*Walter O. Lewis* and *Royal A. Nichols,* for appellant.

*George Burkhardt* and *Carl Morrow* and *Bagot, Free & Morrow,* for appellee.

SWAIM, J.—This is an appeal from a judgment of the Hamilton Circuit Court for $1,200.00 against the appellants, Charles H. Brown and Mae E. Brown, his wife, in favor of the appellee, Ollie V. Stapleton. Said

Stapleton filed a complaint in two paragraphs against said Browns. The first paragraph of said complaint alleged that said Browns were the owners of certain real estate which was incumbered by a mortgage, securing the payment of the principal sum of $1,000.00, to the Union Trust Company; that said mortgage was past due and said trust company was threatening to institute foreclosure proceedings thereon; "that the defendants entered into an oral agreement with the plaintiff, by the terms of which the plaintiff agreed to advance the money necessary to pay said mortgage and interest thereon, and the defendants in consideration thereof agreed to execute to plaintiff a note and mortgage, due on or before one year after date with interest at the rate of six per cent secured by a mortgage on the above described real estate. That pursuant to said agreement plaintiff did advance to defendants the sum of $1,033.83 and requested the defendants to execute the mortgage herein described; that the defendants failed, neglected, and refused to execute said mortgage and have failed, neglected, and refused to repay plaintiff said sum of money so advanced. That there has been long and unreasonable delay in the payment of said money so advanced and that the plaintiff is entitled to interest thereon from the 2nd day of April, 1934, at the rate of six per cent per annum. That said sum of $1,033.83 is due and unpaid."

The first paragraph of said complaint concluded with a prayer for judgment in the sum of $1200.00, and for all other proper relief.

The allegations of the second paragraph of complaint were similar to those of the first paragraph but said second paragraph concluded with a prayer that the plaintiff have an equitable mortgage on said real estate; that said mortgage be declared due and be foreclosed;

and that the real estate be ordered sold to satisfy said mortgage.

To this complaint the defendants filed a verified plea in abatement alleging that the relief sought and the thing demanded by the plaintiff in this action was founded upon the same cause of action between the same parties, both plaintiff and defendants, which was theretofore adjudicated in the Superior Court of Marion County, Indiana, in cause number A-80710, entitled *Ollie V. Stapleton* v. *Charles H. Brown and Mae E. Brown,* which plea in abatement ended with a prayer "that this action may abate." To said plea in abatement the plaintiff filed a demurrer which was sustained by the court.

Appellant's first three assigned errors were that, (1) the trial court had no jurisdiction over the subject matter of the action, or of the parties, (2) the judgment of the trial court was void for want of jurisdiction over the subject matter of the action, and of the parties, and (3) the trial court erred in sustaining the appellee's demurrer to the appellants' answer of former adjudication.

We can not agree with the appellants in their contention that the trial court erred in sustaining the demurrer to the plea in abatement. A plea of former adjudication is properly pleaded as a matter in bar and not in abatement. A plea in abatement, if sustained, merely abates the action. If a former judgment is properly pleaded in answer to a complaint and proof is made thereon, it presents for the determination of the court the question of whether the plaintiff does or does not have the claim which he has presented in the complaint. *Harvey* v. *The State, ex rel., Town of Monticello* (1883), 94 Ind. 159.

Appellants in their plea in abatement, in the trial of the case, and in their briefs in this court have proceeded on the theory that a former adjudication of the claim deprived the trial court of jurisdiction. They are mistaken in the effect of former adjudication. A former judgment may be pleaded and proved as a matter in bar but if not so pleaded and proved it is waived. It does not deprive the court of jurisdiction but is only a matter of defense to be presented for the determination of the trial court. In this case the appellants might have presented the question by proper affirmative answer in bar and proof of the former judgment on which they were relying. They neither properly pleaded nor proved former adjudication. The insertion in the transcript of this case of a certified copy of the pleadings and judgment in another case, which appellants insist show a former adjudication, without such matter having been properly presented to the trial court in such manner as to make such pleadings and judgment a part of the record in this case, presents no question for the consideration of this court.

The fourth assigned error questions the action of the trial court in overruling the demurrer to the complaint. The demurrer was addressed to the complaint as a whole on two grounds (1) that there was a defect of parties plaintiff and (2) that neither paragraph of said complaint stated facts sufficient to constitute a cause of action against either of the defendants. In the memorandum to the demurrer it is alleged that there was a defect of parties plaintiff in the complaint in that one Ora Stapleton was the real party in interest and is a necessary party plaintiff. Even if these contentions were correct no such defect was shown on the face of the complaint and the question

could not, therefore, be properly reached by demurrer. § 2-1007 Burns', 1933, *Western Union Tel. Co.* v. *State ex rel.* (1905), 165 Ind. 492, 509, 76 N. E. 100.

The second ground of the demurrer to the complaint constitutes a joint demurrer to both paragraphs of the complaint and, therefore, if either of the paragraphs of the complaint stated a good cause of action the demurrer was properly overruled. *Cooper* v. *Hayes* (1884), 96 Ind. 386, 390; *Heavenridge* v. *Mondy* (1870), 34 Ind. 28, 29.

The first paragraph of complaint herein states a good cause of action as against a demurrer. It alleged that, pursuant to agreement between the parties, plaintiff advanced to the defendants a certain sum of money; that the principal amount of said loan with interest thereon is due and unpaid and the defendants refused to pay the same. The prayer is for judgment for said sum. Both paragraphs of the complaint contained certain allegations about the defendants promising to give the plaintiff a note as evidence of the sum so advanced and a mortgage to secure the payment of the note. While it is true that an oral promise to give a mortgage on real estate is within the statute of frauds and can not be enforced, the promise to give the mortgage does not vitiate either the promise of the defendants to repay the money or their promise to give a note as evidence of the debt. The allegations in the first paragraph of complaint concerning the promise to give the plaintiff a mortgage may be treated as mere surplusage and since there was no motion to strike out such allegations they may be ignored. Since the first paragraph of the complaint states a cause of action there was no error in overruling the demurrer to the complaint. *Baddeley* v. *Patterson* (1881), 78 Ind. 157.

The fifth alleged error assigned by the appellants is the action of the trial court in overruling their motion for a new trial. Under this assignment of error they first present the contention that there was a total failure of proof that the appellant, Mae E. Brown, ever entered into or was a party to the contract out of which the cause of action arose. One witness, Ora Stapleton, testified that a week before the mortgage to the Union Trust Company was paid off the matter was talked over in the Brown home in the presence of Mr. and Mrs. Brown and that at that time Mr. Brown said that when it was paid off they would "fix it up right away" by giving a mortgage for the money. The same witness testified to a conversation with Mrs. Brown, after the mortgage was paid off, in which Mrs. Brown made the statements, "We will take care of that all right." "We will make that all right." "You don't need to worry she will get the mortgage all right. We will take care of that." In view of the relation between the appellants, their manner of handling business connected with the property in question, their relation with the witness, Ora Stapleton, the brother of the plaintiff, all as shown by the evidence, we can not say that there was no evidence to sustain the finding of the court that the appellant, Mae E. Brown, was a party to said contract.

The appellants contend that the court committed error in refusing to give their instruction numbered 2. The offered instruction contained a statement that any such agreement between the parties, as alleged in the complaint, must be in writing and "that if you find from a preponderance of the evidence that no such agreement was proven then and in that event your verdict should be for the defendants." The agreement to repay the money borrowed was valid with-

but being in writing. The instruction was erroneous and was, therefore, properly refused.

The last ground assigned by the appellant for a new trial was newly discovered evidence. The affidavit filed thereon fails to show that steps were taken to discover the evidence prior to the trial of the case. It is not shown what the evidence is. It is alleged that "proof can now be produced" to show that the building and loan stock, which was converted into the money advanced to the defendants, "was owned by Ora Stapleton prior to the reassignment thereof to him by his sister," the plaintiff. Throughout the trial the evidence shows an attempt, on the part of the appellants, to establish the fact that the money loaned to them belonged to Ora Stapleton, the brother of the plaintiff. The application and supporting affidavit of the appellants for a new trial, because of newly discovered evidence, do not present a sufficient ground for a new trial. *Hamm* v. *Romine* (1884), 98 Ind. 77, 82.

Finding no reversible error the judgment is affirmed.