## YOUNG *v.* YOUNG

[No. 17,693. Filed December 19, 1947.]

*George Sands*, of South Bend, attorney for appellant.

*Leo Van Tilbury*, of Mishawaka, attorney for appellee.

ROYSE, J.—Appellant and appellee were married on the 1st day of May, 1936. One child was born to this union in February, 1944. They separated shortly after the birth of this child. Prior to the divorce actions hereinafter referred to, appellant, on appellee's complaint, was ordered by the City Court of Mishawaka,

Indiana, to support his wife and child. We gather from the evidence that sometime prior to January 8, 1946, appellant herein filed his complaint for divorce against the appellee in the St. Joseph Circuit Court. Appellee filed a cross-complaint to that action for separation from bed and board which she asserts was on the ground of cruel and inhuman treatment. Appellant, at the conclusion of the evidence in that case, with the permission of the court, dismissed his complaint. The Circuit Court then denied appellee's cross-complaint for separate maintenance.

On or about June 17, 1946, appellant brought this action for divorce against appellee charging her with cruel and inhuman treatment. Subsequently, on or about the 20th day of March, 1947, appellee filed an answer of admission and denial under the rules, and her cross-complaint for separation from bed and board on the ground appellant abandoned and deserted appellee and their child, and that he refused to live with appellee. Reply under the rules. At the conclusion of the trial the court made a finding against appellant on his complaint and a finding for appellee on her cross-complaint. Judgment granting appellee a separation from bed and board from appellant for a period of five years.

The sole question presented by this appeal is the contention of appellant that the judgment of the St. Joseph Circuit Court in the first action bars appellee from the relief obtained by the judgment herein. In this case appellant did not plead or prove the former judgment upon which he now relies. Therefore, he waived that question. Flanagan's Indiana Pleading and Practice, 681; *Brown* v. *Stapleton* (1939), 216 Ind. 387, 391, 24 N. E. 2d 909.

Judgment affirmed.

NOTE.—Reported in 76 N. E. 2d 267.