Robert SLATER, Plaintiff,

v.

Mark E. STOFFEL, Adm'r., et al., Defendants.

George SLATER, Plaintiff,

v.

Mark E. STOFFEL, Adm'r., et al., Defendants.

Civ. Nos. 1196, 1197.

United States District Court
N. D. Indiana,
Fort Wayne Division.
June 29, 1962.

Michael J. O'Hara, Fort Wayne, Ind., for plaintiff.

Thomas W. Yoder, Fort Wayne, Ind., for defendant.

ESCHBACH, District Judge.

These cases, consolidated for purposes of trial, are presently before the Court on plaintiffs' motions to strike paragraphs 2, 3, 4, and 5 of defendants' answers. Due to the nature of the question of law raised by plaintiffs' motions, it is appropriate to include an analysis of the problem and the relevant authorities. However, before doing so, a brief recital of the salient facts is necessary to an appreciation of the question raised.

In this action, plaintiffs are seeking to recover for personal injuries and loss of services thereby resulting from a collision between their vehicle and another vehicle operated by one or the other of defendants' decedents whose demises were occasioned by the tragic event. The collision occurred on June 6, 1959, within the State of Indiana. Plaintiffs filed their complaint in the above-entitled cause in this court on December 2, 1959, and defendants were served on December 8, 1959, within six months after the respective appointments of the defendants herein as administrators and publication of notice to creditors, pursuant to Ind. Stat.Ann. Sec. 7–107 (Burns', 1962 Pocket Supp.), the then applicable statute. This court's jurisdiction of the above-entitled cause is based solely upon diversity of citizenship existing between the parties.

The parties by their pleadings and briefs agree that plaintiffs' right of action is governed by the law of the State of Indiana in its substantive aspects. Defendants' second, third, fourth, and fifth defenses are substantially similar in that they proceed upon the theory that plaintiffs' claims are barred because they were not filed in the Indiana State Court within the statutory time limit and that plaintiffs have failed to comply with the statutory "conditions precedent" to bringing their actions. Therefore, a consideration of the pertinent Indiana statutes is appropriate, noting at the outset that plaintiffs are suing defendants who are amenable to this suit in their representative capacity as the administrators of the estates of the alleged deceased tortfeasors. Ind.Stat.Ann. Sec. 2–403 (Burns', 1962 Pocket Supp.) provides in pertinent part as follows:

"All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party, * * * in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate."

Ind.Stat.Ann. Sec. 7–801(a) (Burns', 1953 Repl.) contains the statute of limitations on filing claims against a decedent's estate, which was in force on June 6, 1959, the date upon which plaintiffs' cause of action arose, and provided in pertinent part as follows:

"All claims against a decedents' estate, * * * shall be forever

barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed * * * within six (6) months after the date of the first published notice to creditors."

Also in force on the date upon which plaintiffs' cause of action arose was Ind. Stat.Ann. Sec. 7-802 (Burns', 1953 Repl.) which provided in pertinent part as follows:

"No action shall be brought by complaint and summons against the personal representative of an estate for the recovery of any claim against the decedent or his estate, but the holder thereof, * * *, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; * * *; the statement * * * shall be accompanied by the affidavit of the claimant, his agent or attorney, * * *, and no claim shall be received unless accompanied by such affidavit; * * * "

Finally, Ind.Stat.Ann. Sec. 7-810 (Burns', 1953 Repl.) which was in force on the date upon which plaintiffs' cause of action arose provided in pertinent part as follows:

"All claims which are disallowed, or which are neither allowed or disallowed within said period of six (6) months and fifteen (15) days, shall be transferred at once to the issue docket for trial * * *."

It should be noted concerning sections 7-801 and 7-802, supra, that by amendment, effective July 6, 1961, claims arising out of tort are no longer subject to the six months statute of limitations, or the notice procedure required by said sections, so that the precise legal questions regarding Indiana law raised by plaintiffs' motions to strike will not again become material to a federal court in regard to actions accruing after July 6, 1961. However, the July 6, 1961 amendment does not affect the case at bar.

It is established that plaintiffs filed their complaint in the above-entitled cause in this court within the six months period provided by section 7-801, supra; however, they filed no claim against the estates for the personal injuries which they allege with the clerk of the state court in which the estates of defendants' decedents were pending, as required by section 7-802, supra, and the time for doing so has long since expired. The legal question presented, therefore, is to what extent should plaintiffs be required to comply with sections 7-801 and 7-802, supra, for the purpose of tolling the state statute of limitations and enabling them to maintain the instant action in a Federal District Court, which cause of action exists solely by reason of state created rights. Ind.Stat.Ann. Sec. 7-802 (Burns', 1953 Repl.)

■■ There can be no question that plaintiffs who seek to assert a state created right in a Federal District Court where jurisdiction is founded solely upon diversity of citizenship can be placed in no better position than they would have enjoyed in the state courts; i. e., in this case, the Indiana courts. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), Guaranty Trust Co. v. York, 326 U.S. 99, 65 S. Ct. 1464, 89 L.Ed. 2079 (1945), Bernhardt v. Polygraphic Co. of America, Inc., 350 U.S. 198, 76 S.Ct. 273, 100 L.Ed. 199 (1956), Allstate Insurance Co. v. Charneski, C.A.7th, 286 F.2d 238 (1961). This is well settled, and plaintiffs must comply with the laws of the state, except that plaintiffs cannot be barred or precluded from their selection of the federal court as their forum where concurrent jurisdiction exists with the state court. Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909), United States v. Peoples Trust & Savings Co., C.A.7th, 97 F.2d 771 (1938), Hellrung v. Lafayette Loan & Trust Co., D.C.N.D.Ind., 102 F.Supp. 822 (1951). That is to say that plaintiffs' rights cannot be expanded, nor will their actions be tested by a different body of law merely because they have selected the federal forum.

As already noted in the instant matter, a claimant must file his claim within six months after the first publication of notice to creditors required by Indiana law. Ind.Stat.Ann. Sec. 7–801(a) (Burns', 1953 Repl.). A failure in this regard would forever bar plaintiffs' claims. Ind. Stat.Ann. Sec. 7–801(a) (Burns', 1953 Repl.). A like result would follow in a federal court. Woods v. Klobuchar, C.A. 7th, 257 F.2d 313 (1958).

In the Woods case, supra, plaintiff brought suit against the personal representative of a decedent for personal injuries inter alia sustained in an automobile collision involving himself and defendant's decedent occurring in Indiana. Notice of defendant's appointment as administratrix was published on June 30, 1954. *Approximately twenty-two months later*, on April 12, 1956, plaintiff filed his action in the United States District Court for the Northern District of Indiana. The Court's language at page 314 indicates the crucial question and limitations of the holding in that case as follows:

"The plaintiff states that the sole contested issue on this appeal is as follows:

" 'Was the Plaintiff-Appellant's action in the Federal Court under Section 1332, United States Code, Title 28, governed by the six (6) month time limit for filing claims in the court administering the decedent's estate?'

"Our answer must be in the affirmative."

██ It is clear, therefore, that the facts presented to the Court in that case necessitated a holding only as to the applicability of the six-month statute of limitations to the action there involved. There is, and can be no question, that a claimant in a federal court in an action founded solely upon diversity is bound by the applicable state statute of limitations. Guaranty Trust Co. v. York, supra. Although there is language in the Woods case, supra, which might arguably extend beyond the question there presented, this Court interprets the holding in that case

in the light of the facts there involved; specifically, the crucial fact of plaintiff's failure to file his complaint in the federal court before the six-month period of limitation had expired.

Plaintiffs in the instant case have recognized and complied with the six-month limitation requirement of notice. Their complaints were filed in this court within the six months period. However, the Indiana statute also requires that a claim and affidavit be filed with the clerk of the state court having jurisdiction of the estate. Ind.Stat.Ann. Sec. 7–802 (Burns', 1953 Repl.).

At this point, it would appear that plaintiffs are commencing the process of selecting their forum, and in this they have a choice which the law of Indiana cannot unduly restrict or eliminate. Hellrung v. Lafayette Loan & Trust Co., supra. Once plaintiffs file their concise statement of claim with the clerk, the claim is transferred automatically to the trial docket at the moment of disallowance by the personal representative. Ind.Stat.Ann. Sec. 7–810 (Burns', 1953 Repl.). In the present case, defendants' personal representatives denied the material allegations of plaintiffs' complaint, and a fortiori defendants would likewise have disallowed the claims and they would have been placed on the state court's trial docket and set for trial.

Plaintiffs, however, did not choose to have their cases set for trial in the state court. They selected the Federal District Court sitting in Indiana, and they had a right to do so. Indiana law could not change this in the instant case. Hellrung v. Lafayette Loan & Trust Co., supra.

██ The real question to be decided here requires this Court to determine to what extent plaintiffs must comply with the Indiana requirements without unduly interfering with or restricting their right of use of the federal forum. Indiana law requires certain steps to be taken for the trial of a claim, which steps the defendant describes in his well written brief as "conditions precedent" to plaintiffs' right to recover. There is no ques-

tion but that there is Indiana authority to support this view; see, for example, Otolski v. Nowicki, 129 Ind.App. 492, 158 N.E.2d 296 (1959). However, it is equally clear as indicated supra that a state may not through its legislature or courts extinguish or diminish a right created by the Federal Government.

 To follow defendants' argument to its logical conclusion could result under certain circumstances in a trial in a state court and a denial to plaintiffs of their right to select and use the federal forum. This was never the intention of the courts in requiring recognition of state law in diversity cases. Erie Railroad Co. v. Tompkins, supra, Guaranty Trust Co. v. York, supra. The basic purpose was to put plaintiffs in no different position by reason of their choice of forum. Defendant would have this court deny to plaintiffs a trial of their cause on the merits by reason of the fact that they were unwilling to proceed to comply with the state requirements to the extent which practically and realistically might have jeopardized or even eliminated their right to trial in the Federal District Court. We do not believe the spirit of Erie Railroad Co. v. Tompkins, supra, and subsequent decisions require plaintiffs to go this far. Cf., Guaranty Trust Co. v. York, supra, and Hellrung v. Lafayette Loan & Trust Co., supra. Had plaintiffs filed their claims in the state court on the same hour of the same day when they filed their complaints in this court, their claims doubtlessly would have been disallowed, transferred to the trial docket and set for trial. Instead, plaintiffs filed their complaint in this court, and they will be tried and tested by the same body of substantive law which would have been applicable in the state court. Defendants are afforded the same notice and opportunity provided by state law, and their defenses on the merits will be similarly tested.

Defendants further urge this Court in their brief and oral argument that the purpose of the Indiana statutes hereinabove referred to will be lost by failing to require the claim to be filed in the Indiana court. In support of this theory they note that the purpose of the Indiana statutes is to permit the personal representative to conduct a timely investigation to determine whether the claim may be disposed of without the expense of litigation. Williams v. Williams, 217 Ind. 581, 29 N.E.2d 557 (1940).

This reasoning is persuasive in theory, but not in fact. In the instant case, defendants' personal representatives were served with process within the six months required by Indiana law and were thereby afforded ample notice and opportunity to investigate the claim. It is somewhat unrealistic to contend that had defendants wished to allow the claims, they were precluded from doing so by reason of plaintiffs' selection of this forum. We know of no theory or law which supports the proposition that federal courts are less inclined to favor voluntary payments and settlements than are state courts.

Defendants have denied the material allegations of fact in plaintiffs' complaints just as they could have disallowed plaintiffs' claims in the state court. They received the timely notice required by Indiana law and had ample opportunity to investigate the claims and admit (allow) or deny (disallow) as they could have done in the state court. Under these circumstances, both the rights involved and the law governing them are the same in either forum, and we believe that this is the most that defendants may expect under the spirit of the Erie doctrine.

Therefore, it is the opinion of this Court that plaintiffs complied with the Indiana law to the extent that they could do so without materially interfering or jeopardizing their right to select this court as their forum.

Accordingly, plaintiffs' motion to strike defendants' affirmative defenses 2, 3, 4, and 5 is granted and defendants' defenses 2, 3, 4, and 5 are hereby stricken.

 The defendant in oral argument has urged this court, pursuant to 28 U.S.C.A. 1292(b) and subject to the discretion of the Court of Appeals, to authorize an

interlocutory appeal. It is the opinion of this Court that the above order, which is not otherwise appealable, involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Accordingly, an immediate appeal from this Order may be taken and is hereby authorized subject to the discretion and permission of the United States Court of Appeals for the Seventh Circuit.

It is further Ordered that all proceedings herein be stayed for ten (10) days from the date of entry of this Order. If within such ten days the defendant shall apply to said Court of Appeals for permission to appeal this Order, the proceedings herein shall be further stayed pending determination of such application, or of the appeal if permission is granted.