313 F.2d 175
 George SLATER, Plaintiff-Appellee,
v.
Mark E. STOFFEL, Administrator of the Estate of Bernard J. Stoffel, deceased, and The Community State Bank, Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, deceased, Defendants-Appellants.
Robert SLATER, by George Slater, his Father, as Next Friend, Plaintiff-Appellee,
v.
Mark E. STOFFEL, Administrator of the Estate of Bernard J. Stoffel, deceased, and The Community State Bank, Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, deceased, Defendants-Appellants.
 No. 13812.
 No. 13813.
 United States Court of Appeals Seventh Circuit.
 February 8, 1963.
 Rehearing Denied March 6, 1963.
 
 Thomas W. Yoder, Campbell, Livingston, Dildine & Haynie, Fort Wayne, Ind., for defendants-appellants.
 J. Michael O'Hara, J. J. Brueggman, of Barrett, Barrett & McNagny, Fort Wayne, Ind., for plaintiff-appellee George Slater.
 Before DUFFY, CASTLE and KILEY, Circuit Judges.
 DUFFY, Circuit Judge.
 
 
 1
 On June 6, 1959, an automobile collision occurred on a public highway in Huntington County, Indiana. One of the motor vehicles involved was driven by George Slater, a resident of the State of Georgia. His son, Robert Slater, was, at said time and place, a passenger in the Slater automobile.
 
 
 2
 The other motor vehicle involved in the collision was operated by either Bernard J. Stoffel or Donald H. Stoffel, both of whom were killed in the collision. The Stoffels were residents of Huntington County, Indiana.
 
 
 3
 Mark E. Stoffel was appointed administrator of the Bernard J. Stoffel estate by the Huntington Circuit Court. The first publication of notice to creditors was made on July 16, 1959. The Community State Bank, Huntington, Indiana, was appointed administrator of the estate of Donald H. Stoffel. The first publication of notice to creditors in this estate was made on December 2, 1959.
 
 
 4
 On December 2, 1959, George Slater, as plaintiff in suit No. 13812, and Robert Slater, by George Slater, his father and next friend, as plaintiff in suit No. 13813, filed actions for damages in the United States District Court for the Northern District of Indiana. The defendants named in each suit were the administrators of the two Stoffel estates. Each suit was based on diversity of citizenship with requisite amount in controversy.
 
 
 5
 The principal issue on each appeal before us is whether plaintiffs may maintain these actions in a United States District Court without first complying with the requirements of § 7-801 and § 7-802, Burns' Indiana Stat. (1953 Repl. Ed.).
 
 
 6
 Section 7-801(a) contains the statute of limitations on filing claims against a decedent's estate. In pertinent part it provides: "All claims against a decedent's estate * * * shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court * * * within six (6) months after the date of the first published notice to creditors."
 
 
 7
 Section 7-802 provides, in part: "No action shall be brought by complaint and summons against the personal representative of an estate for the recovery * * against the decedent, or his estate, but the holder thereof * * * shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending * * * the statement * * * shall be accompanied by the affidavit of the claimant, his agent or attorney * * * and no claim shall be received unless accompanied by such affidavit * * *."
 
 
 8
 The Indiana Survival Statute, § 2-403, Burns' Indiana Stat. (1962 Cum.Supp.) provides: "All causes of action shall survive, and may be brought, notwithstanding the death of the person entitled or liable to such action, by or against the representative of the deceased party * * * in event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate."
 
 
 9
 It is admitted that neither plaintiff filed a claim together with the required statutory affidavit against the estate of either of the decedents pursuant to §§ 7-801 and 7-802, Burns' Indiana Stat. (1953 Repl. Ed.). However, it is established that each plaintiff did file his complaint in the United States District Court within the six months period provided by § 7-801(a).
 
 
 10
 Defendants, by amended answers, allege the United States District Court had no jurisdiction of the subject matter of the action because jurisdiction thereof was vested exclusively in the Huntington Circuit Court; that plaintiffs' claims were barred by the statute of limitations because plaintiffs failed to file their claims as required by § 7-801(a), Burns' Indiana Stat. (1953 Repl. Ed.); that §§ 7-801 and 7-802 are not merely acts of limitation but constitute the denial of a right of action and impose conditions precedent.
 
 
 11
 Plaintiffs moved to strike the affirmative defenses. The Court sustained the motions to strike and an order striking the defenses was entered. The Court found the order involved a controlling question of law as to which there is substantial ground for a difference of opinion, and that an immediate appeal from the interlocutory order might materially advance the termination of the litigation. This Court granted leave to appeal. 28 U.S.C. § 1292(b).
 
 
 12
 Inasmuch as Bernard Stoffel and Donald Stoffel died at the time of the collision or shortly thereafter, it is clear that plaintiffs could not have brought a suit for damages against them or their estates or personal representatives except for a right created by the State of Indiana. This is the right under the so-called "Survival Statute", § 2-403, Burns' Indiana Stat. (1962 Cum.Supp.). An important provision of this statute to be kept in mind is: "* * * [I]n event the action be brought subsequent to the death of the party against whom the cause existed, then the same shall be prosecuted as other claims against said decedent's estate."
 
 
 13
 Here, a federal court, by reason of diversity of citizenship, is asked to adjudicate a state-created right. The plaintiffs' exercise of that right is subject to the terms and conditions specified by the Indiana statute.
 
 
 14
 In Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 108-109, 65 S.Ct. 1464, 1469, 1470, 89 L.Ed. 2079, the Supreme Court said: "* * * But since a federal court adjudicating a State-created right solely because of the diversity of citizenship of the parties is for that purpose, in effect, only another court of the State, it cannot afford recovery if the right to recover is made unavailable by the State nor can it substantially affect the enforcement of the right as given by the State."
 
 
 15
 In Angel v. Bullington, 330 U.S. 183, 191-192, 67 S.Ct. 657, 661, 662, 91 L.Ed. 832, the Court stated: "* * * The essence of diversity jurisdiction is that a federal court enforces State law and State policy. * * * What is more important, diversity jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld. Availability of diversity jurisdiction which was put into the Constitution so as to prevent discrimination against outsiders is not to effect discrimination against the great body of local citizens."
 
 
 16
 This Court, in Allstate Insurance Company v. Charneski, 7 Cir., 286 F.2d 238, in an opinion by Chief Judge Hastings, after discussing and analyzing several of the most pertinent Supreme Court decisions, said, at page 243: "In summary, federal courts in diversity cases have applied the Erie doctrine to state conflict of law rules, state statutes of limitations, state burden of proof rules, state precedent as to contributory negligence, state court-closing statutes, and even as in Ragan v. Merchants Transfer & Warehouse Co., supra (337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520), to giving precedence to state procedural statutes dealing with service of process over the Federal Rules of Civil Procedure."
 
 
 17
 Plaintiffs argue that the statutory provisions §§ 7-801 and 7-802 are not conditions precedent except for the six months statute of limitations. However, Indiana courts have stated the provisions of these statutes are conditions precedent. In Otolski v. Nowicki, 129 Ind.App. 492, 158 N.E.2d 296, the Court stated (N.E.2d 298): "* * * A statute of this type has been referred to as not being a statute limiting the remedy or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to the enforcement of such right of action."
 
 
 18
 To the same effect are Bahr v. Zahm et al., 219 Ind. 297, 37 N.E.2d 942, 944; Lewis v. Estate of Smith et al., 130 Ind. App. 390, 162 N.E.2d 457, 458; and Russell v. Moore et al., 130 Ind.App. 351, 164 N.E.2d 670, 673.
 
 
 19
 It is conceded that citizens of Indiana, in order to recover from an administrator of a decedent on a tort claim, would be required not only to file a claim within six months, but also to comply with the other provisions of §§ 7-801 and 7-802.
 
 
 20
 The trial judge recognized that plaintiffs were required to comply with the laws of Indiana, but he engrafted an exception as follows: "* * * [E]xcept that plaintiffs cannot be barred or precluded from their selection of the federal court as their forum where concurrent jurisdiction exists with the state court."
 
 
 21
 The basis of the trial court's decision appears in this sentence: "Therefore, it is the opinion of this Court that plaintiffs complied with the Indiana law to the extent that they could do so without materially interfering or jeopardizing their right to select this court as their forum."
 
 
 22
 Plaintiffs strongly urge that if they had filed claims and affidavits with the clerk of the State court as provided in §§ 7-801 and 7-802, they would have locked themselves in the State court and would have thus been precluded from later filing suit in the federal court. Reference is made to § 7-810, Burns' Indiana Stat. (1953 Repl. Ed.) which provides that when the personal representative disallowed the claim, it is automatically transferred to the trial docket of the State court.
 
 
 23
 Defendants claim that plaintiffs, by filing suit in the federal court without complying with § 7-802, have deprived them of the opportunity granted by the Indiana Statute of investigating the merits of plaintiffs' claims and of making a decision with respect to the payment thereof without the delay and expense of litigation. Also, that defendants never have been presented with an affidavit in any form, and that even the complaints were not verified. Of course, plaintiffs were permitted to file unverified complaints under the federal practice.
 
 
 24
 We think it was for the State of Indiana to specify as to what must be presented to constitute a valid claim. Plaintiffs' position is unique in suggesting that the notice requirement was to be complied with in some way but that the affidavit requirement could be ignored.
 
 
 25
 Plaintiffs seem to argue that if they complied with the Indiana statutes hereinbefore quoted, they would necessarily be held to have elected their remedy and forum in the state court. We do not think this position is well taken.
 
 
 26
 Courts, in many states, have held that filing a claim against an estate will not be regarded as an election of remedies. To illustrate: In Coffey v. Durand et al., 167 S.W.2d 684 (Tenn.) the Court said at page 688: "It is generally held that the filing of a claim against the estate of a decedent will not be regarded as an election of remedies, precluding the claimant from pursuing other remedies not inconsistent with the filing of such claim. The mere presentation of a claim against an estate, without prosecuting it to final determination, will not be taken as an election to pursue that remedy and no other. See 21 Am.Jur., 601, Sec. 387 and notes."
 
 
 27
 Defendants' counsel suggests a course which plaintiffs could have followed, to-wit: "Plaintiffs could have filed their notices of claim, together with the required statutory affidavits, with the Clerk of The Huntington Circuit Court within the time allowed by § 7-801(a), Burns' Ind.Stats. (1953 Repl. Ed.), noting therein that diversity of citizenship existed between plaintiffs and the personal representatives and stating plaintiffs' intention to prosecute actions in the Federal Court in the event the claims were rejected * * *."
 
 
 28
 We do not pass upon the suggestion thus made, but will quote from the decision of this Court in Woods v. Klobuchar, 7 Cir., 257 F.2d 313, where we considered the same Indiana statutes which have been heretofore referred to in this opinion. In the Woods case, we said, page 315: "Plaintiff concedes that if he were a citizen of Indiana he would have had to comply with §§ 7-801(a) and 7-802 and having failed to do so would have lost his right of action. In other words he admits that on December 31, 1954 his action was forever barred in the state courts of Indiana. He, however, contends that he cannot be deprived of his right to have his case tried in a federal court. With this we agree, however, compliance with §§ 7-801(a) and 7-802 in accordance with the mandate of § 2-403 does not preclude a qualified nonresident claimant from having his claim litigated in the federal court upon transfer to the civil trial docket pursuant to § 7-810. It is not for us to here chart in detail such a course."
 
 
 29
 We hold the District Court erred in sustaining the motions of the plaintiffs to strike the affirmative defenses, based upon plaintiffs' failure to comply with §§ 7-801 and 7-802, Burns' Indiana Stat. (1953 Repl. Ed.).
 
 The order granting the motion to strike is
 
 30
 Reversed.