411 F.2d 653
 Robert SLATER, by George Slater, his Father and next Friend, Plaintiff-Appellee,
v.
Mark E. STOFFEL, Administrator of the Estate of Bernard J. Stoffel, Deceased, and the Community State Bank of Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, Deceased, Defendants-Appellants.
George SLATER, Plaintiff-Appellee,
v.
Mark E. STOFFEL, Administrator of the Estate of Bernard J. Stoffel, Deceased, and the Community State Bank of Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, Deceased, Defendants-Appellants.
 No. 17218.
 No. 17219.
 United States Court of Appeals Seventh Circuit.
 June 5, 1969.
 
 Thomas W. Yoder, Fort Wayne, Ind., for appellants.
 J. Michael O'Hara, Robert Thompson, Jr., Fort Wayne, Ind., for appellees.
 Before KNOCH, Senior Circuit Judge, and KILEY and KERNER, Circuit Judges.
 KNOCH, Senior Circuit Judge.
 
 
 1
 The defendants-appellants, Mark E. Stoffel, Administrator of the Estate of Bernard J. Stoffel, deceased, and the Community State Bank of Huntington, Indiana, Administrator of the Estate of Donald H. Stoffel, deceased, have taken these consolidated appeals from an order of the United States District Court entered July 31, 1968, denying the defendants' petitions for injunctions to prevent the plaintiffs-appellees, Robert Slater by George Slater, his Father and next Friend, and George Slater, from allegedly relitigating identical personal injury claims resolved by District Court Judgments.
 
 
 2
 The plaintiffs, residents of Georgia, initially filed suit against the two administrators to recover damages for personal injuries suffered in a collision with an automobile driven by Bernard J. or Donald H. Stoffel, Indiana residents, both of whom were killed in the accident. At that time Indiana Statutes § 7-801 and § 7-802, Burns' Indiana Stat. (1953 Repl.Ed.) provided that all claims against a decedent's estate were forever barred unless filed with the Court within six months after the date of the first published notice to creditors: that no action be brought against the personal representative of an estate but the claimant must file a statement in the office of the Clerk of the Court in which the estate was pending accompanied by an affidavit. The Indiana Survival Statute § 2-403, Burns' Indiana Stat. (1962 Cum.Supp.) provided that causes of action brought subsequent to the death of the party against whom the cause existed be prosecuted as other claims against the decedent's estate. Neither plaintiff had filed a claim with the requisite affidavit against the decedents' estates here, but had filed suit in the United States District Court for the Northern District of Indiana on December 2, 1959, within the six-month period mentioned above.
 
 
 3
 The District Court sustained a motion to strike affirmative defenses that jurisdiction was vested solely in the Huntington Circuit Court where the two defendants had been appointed as administrators; that plaintiffs' claims were barred for failure to comply with the Indiana statutes which were not acts of limitation but constituted denial of a right of action and imposed conditions precedent. Leave to appeal from this interlocutory order was allowed, and the order granting the motion to strike was reversed. Slater v. Stoffel, 7 Cir., 1963, 313 F.2d 175, cert. den. 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 53.
 
 
 4
 The District Court entered summary judgments November 20, 1963 for the defendants on the ground that plaintiffs had never complied with the provisions of the Indiana statutes requiring timely filing of claims in the state court. These orders proved to be defective and were later revised on motion of the defendants on July 13, 1967.
 
 
 5
 Meanwhile, on October 24, 1964, the plaintiffs had filed their complaint in the Huntington County, Indiana, Circuit Court which sustained a demurrer.
 
 
 6
 The case then went to the Indiana Appellate Court which viewed, as one of first impression, the question:
 
 
 7
 (1) whether the claimants suing in tort might bring an action by complaint and summons against deceased tort-feasors' estates under § 7-801(f) instead of filing claims against the estates. [Subsection (f) provides that a tort action may be brought within the period of the statute of limitations provided recovery against the tort-feasors' estates shall not affect the distribution of assets to the heirs, legatees, or devisees unless suit is filed within the time allowed for filing claims against the estate.]
 
 
 8
 (2) if such proceeding is allowed, whether subsection (f), added by amendment in 1961, may be applied retroactively to provide relief to these claimants.
 
 
 9
 The Indiana Appellate Court, Ind.App. 1966, 221 N.E.2d 688, 693, held that the cause of action survived and was tolled by commencing action in the District Court and again in the Huntington Court; that the 1961 amendment added a procedural requirement to be applied to any action pending at its passage and should have been applied to these cases. Judgment was reversed with instructions to grant motion for new trial.
 
 
 10
 After remand and a change of venue, the Kosciusko County, Indiana, Circuit Court gave summary judgment for the defendants, apparently on the ground that the District Court judgments, which had never been appealed, barred further state proceedings.
 
 
 11
 It is plaintiffs' position that they are seeking to litigate not issues already decided by the District Court but causes in no way encompassed by the judgments of that Court because the question of plaintiffs' right subsequently to comply with the conditions precedent and then file suit in the proper state court was not involved in the District Court judgments. The defendants, however, contend that the question of the retroactive effect of the new subsection (f) was in issue in the District Court before and after remand as reference was made to it in memoranda and argument.
 
 
 12
 The plaintiffs are proceeding with their appeal to the Indiana Appellate Court and these defendants seek to enjoin that appeal.
 
 
 13
 It is conceded by all parties that Title 28 U.S.C. § 2283 provides for no injunction by a Court of the United States to stay proceedings of a state court except as expressly authorized by Act of Congress or where necessary in aid of its jurisdiction or to protect and effectuate its judgments. It is that last purpose which defendants contend will be served here. Defendants argue that they are being subjected to harassment and that they have been given no adequate opportunity (despite oral argument in the District Court) to show that they will suffer irreparable injury if the appeal proceedings are permitted to continue. The plaintiffs' view is that defendants have prolonged these proceedings and having successfully relitigated the question of the effect of the District Court's judgments in the Kosciusko County, Indiana, Circuit Court, are now unreasonably seeking to avoid submitting the validity of the Kosciusko ruling to the higher state court which had already determined the question adversely; that the defendants are seeking instead a different forum: the United States District Court, although the Indiana Appellate Court which has heard the arguments and is well acquainted with the issues is in the best position to construe the present status of the Indiana law.
 
 
 14
 The District Judge noted that his discretionary power to enjoin state court proceedings should be exercised in the light of the historical reluctance of federal courts to interfere with state judicial proceedings. So. Calif. Petroleum Corp. v. Harper, 5 Cir., 1960, 273 F.2d 715, 718, and cases there cited. The District Judge who was thoroughly familiar with this case was not satisfied that defendants had made a strong and unequivocal showing of relitigation by the plaintiffs as the judgments of the District Court had never directly reached the issue of whether the plaintiffs have complied with the requirements of the amended statute, a separate and not merely an incidental question, as was involved in Lee v. Terminal Transport Co., Inc., 7 Cir., 1960, 282 F.2d 805, on which defendants rely.
 
 
 15
 In any event, it is clear that the plaintiffs' actions in the state court concern the availability of relief not only under the 1961 amendment of § 7-801 by the addition of subsection (f) and by the decision of the Indiana Appellate Court in Staple v. Richardson, 1966, 212 N.E. 2d 904, but also under Burns' Indiana Stat. § 2-608, the Indiana Journey's Account or "Saving" statute which did not become available until after the entry of the District Court judgments as it refers to new action, after failure, which may be brought within five years and be deemed a continuation of the first action.
 
 
 16
 The defendants argue on the merits that plaintiffs have mistaken the applicability of this statute to the facts of their case, but we are not here concerned with that issue. The question before us is whether there has been an abuse of discretion. Progress Development Corp. v. Mitchell, 7 Cir., 1961, 286 F.2d 222, 229, and cases there cited.
 
 
 17
 We find no such abuse of discretion in the denial of injunctive relief in this case. The decision of the District Court is affirmed.
 
 
 18
 Affirmed.