ROBERT SLATER, GEORGE SLATER *v.* STOFFEL, ADMR.,
COMMUNITY STATE BANK, ADMR.

[Nos. 668A101, 668A102. Filed June 17, 1969. Rehearing denied July
14, 1969. Transfer denied November 6, 1969.]

*J. Michael O'Hara, Robert L. Thompson, Jr.,* of Fort Wayne, and *Barrett, Barrett & McNagny,* of counsel, of Fort Wayne, and *Byron C. Kennedy, Rockhill, Vandeveer, Kennedy & Pinnick,* of Warsaw, for appellants.

*Thomas W. Yoder, Livingston, Dildine, Haynie & Yoder,* of Fort Wayne, for appellees.

PFAFF, C. J.—On June 6, 1959, an automobile driven by appellant, George Slater, a resident of Georgia, and containing a passenger, his son, appellant, Robert Slater, collided with a vehicle being operated by either Bernard J. Stoffel or Donald H. Stoffel, both of whom were killed in the collision.

On December 2, 1959, appellants filed actions for damages in the United States District Court for the Northern District of Indiana naming the personal representatives of the deceased individuals as defendants. The District Court suit resulted in a verdict for appellants *(Slater v. Stoffel* (1962), 206 F. Supp. 534), but that decision was reversed in favor of appellees in an appeal to the Seventh Circuit Court of Appeals. *Slater v. Stoffel* (CCA 7th, 1963), 313 F. 2d 175. The issue in that appeal was whether the plaintiffs could maintain

their actions in the United States District Court without first complying with Acts 1953, ch. 112, §§ 1401 and 1402, p. 295, §§ 7-801 and 7-802, Burns' 1953 Repl.

The original issue disposed of before the United States District Court for the Northern District of Indiana was the claim of the defendants that the District Court did not have jurisdiction of the subject matter because jurisdiction was vested in the Huntington Circuit Court and, further, that the statute of limitations barred the actions because the plaintiffs failed to file their claims as required by §§ 7-801 and 7-802, *supra,* which the defendants alleged are not merely acts of limitation but constitute the denial of a right of action and impose conditions precedent.

The District Court granted the plaintiffs' motions to strike these affirmative defenses and granted the defendants immediate leave to appeal. The appeal before the Seventh Circuit Court of Appeals resulted in a reversal of the order granting the motion to strike for the reason that, in the opinion of the Court, compliance with §§ 7-801 and 7-802, *supra,* constituted conditions precedent to the enforcement of plaintiffs' actions and, therefore, the motion to strike was improperly granted in light of the fact that neither plaintiff filed a claim, together with the affidavit required by statute, against the estate of either decedent pursuant to §§ 7-801 and 7-802, *supra,* even though each plaintiff did file a complaint in the United States District Court within the six-month statutory period prescribed by § 7-801(a).

The Supreme Court of the United States denied certiorari, 375 U. S. 818, 84 S. Ct. 54, 11 L. Ed. 2d 53 (1963), and thereafter the cause was remanded to the District Court, which entered judgment for the defendants-appellees on the theory that plaintiffs-appellants' claims were barred for failure to file a claim with the court against the decedents' estates within the six-month statutory period provided in §§ 7-801 and 7-802, *supra.*

Each appellant then instituted an action in the Huntington Circuit Court for $100,000.00 in damages.

Subsequent to joinder of the issues and a demurrer to the complaints, said demurrers were sustained and the appellants refused to plead over. Appellants' motion for new trial was overruled and an appeal was then taken to this court. This court reversed the judgment of the Huntington Circuit Court in *Slater v. Stoffel* (1966), 140 Ind. App. 131, 221 N. E. 2d 688, and held that the appellants could bring their tort actions against appellees under § 7-801(f) instead of filing a claim against the estate within six months after the first published notice to creditors, and further held that the provisions of § 7-801(f) could, because of their procedural nature, be applied retroactively, thereby allowing claimants the relief sought. This court stated that the Federal court erred in not providing for retroactive application of the statute and that § 7-801(f) applied retroactively was intended to remove the conditions precedent in tort actions, which required the filing of claims within six months after notice to creditors. This court stated at page 693 of 221 N. E. 2d:

> "In the absence of express language to the contrary an amendatory act ordinarily is construed as prospective and not as retroactive. *Cummins v. Pence et al.* (1910), 174 Ind. 115, 91 N. E. 529.

> "In the event the new legislation does not impair an existing right or deny a remedy for its enforcement, but merely modifies the proceedings, it applies to all cases pending and subsequent to its enactment. *Kingan & Company, Limited v. Ossam* (1920), 75 Ind. App. 548, 121 N. E. 289.

> "The federal court's error was compounded by the trial court when it sustained the demurrers to appellants' complaint and overruled their motion for a new trial.

> "We summarily reiterate that appellants' cause of action survived the death of the appellees and was tolled by the commencement of this action in the federal district court and again in the trial court. The 1961 amendment to Section 7-801 by adding subsection (f) thereto is a procedural requirement to be applied in any action pending in the

courts at the time of its passage. It should have been so applied in the case at bar. Failure to do so was prejudicial and reversible error on the part of the federal courts and trial court. It is our opinion that the trial court erred in overruling appellants' motion for a new trial; and the judgment of the trial court is hereby reversed with instructions to sustain appellants' motion for a new trial."

Pursuant to remand and trial on the merits, the venue of these causes was changed to Whitley County and then to Kosciusko County. In the Kosciusko Circuit Court the defendants-appellees' motion for summary judgment was granted on the grounds that the judgment of the United States Court of Appeals for the Seventh Circuit barred further proceedings in Indiana actions under the doctrines of *res judicata* and collateral estoppel.

The appellants contend that the trial court's action was based upon the previously stated doctrines. However, appellees contend that the judgment was not founded on *res judicata* or collateral estoppel, and assert that their demurrer was based upon appellants' failure to allege compliance with §§ 7-801 and 7-802, *supra,* therefore failing to state facts sufficient to constitute a cause of action, and that said demurrer was sustained on these grounds.

Appellees assert that no question of *res judicata* was presented in the prior appeal to this court and that *res judicata* became applicable to their situation only upon the filing of appellees' motion to amend and correct the prior defective judgment in the United States District Court for the Northern Division of Indiana. The judgment entered was allegedly not strictly in accordance with the order of the court and on July 13, 1967, it was corrected nunc pro tunc, to be effective as of November 20, 1963. No appeal was taken from these judgments in actions identical to those pending in the Huntington Circuit Court.

Appellees contend that these new judgments are the basis of the motions for summary judgment because of the doctrine of *res judicata.*

Appellants argue that in sustaining appellees' motions for summary judgment the Kosciusko Circuit Court contravened a ruling-precedent of this court established in the prior appeal to this court under the same caption as the one herein. This argument is based on the alleged fact that this court had previously determined the effect of the Federal Court judgment and that the exact same issue was presented by appellees' motions. In effect, it is argued that our prior opinion became the law of the case and that the granting of summary judgment reverses our prior decision and is therefore reversible error and contrary to law.

Appellees filed their motion to dismiss or affirm for reasons which do not go to the jurisdiction of this court. The motion to dismiss was overruled and the motion to affirm, based upon alleged deficiencies in appellants' brief, held in abeyance pending the determination of the causes. We believe that most, if not all, of the documents not summarized in appellants' brief would have been surplusage if included. Appellants' brief indicates a good-faith effort to comply with the rules of the Supreme Court and there has been at least substantial compliance so that this court is able to understand the issues and points raised. The motion to affirm because of alleged defects in appellants' brief is overruled.

Both appellants and appellees have at one time or another taken the position that the effect of the Federal court judgment as a defense to the State court proceedings was before this court on the first appeal, although appellees now claim that it was not.

Our decision in the first appeal to this court has become the law of this case, and it is immaterial at this time as to

whether such decision was right or wrong. 3 Wiltrout Ind. Civ. Proc. § 2791, p. 498; *Egbert v. Egbert* (1950), 120 Ind. App. 670, 95 N. E. 2d 637. It therefore becomes necessary to ascertain just what was presented for decision and decided. *Egbert v. Egbert* (1956), 235 Ind. 405, 132 N. E. 2d 910.

At the time of the prior appeals to this court appellees had filed their demurrers to the complaints based upon the sole statutory ground that they do not state facts sufficient to constitute a cause of action. No answers had been filed to the complaints, either general or special. The complaints did not set forth facts concerning the prior Federal court actions.

A demurrer attacks only defects which appear on the face of the complaint. Acts 1911, ch. 157, § 2, p. 415, § 2-1007, Burns' 1967 Repl.; *Roberts v. Indiana Gas and Water Co.* (1966), 140 Ind. App. 409, 218 N. E. 2d 556; *Cole v. Gray* (1894), 139 Ind. 396, 38 N. E. 856; *Foulkes Contracting Co. v. Crowder* (1931), 93 Ind. App. 100, 171 N. E. 304; *First National Bank of Huntington v. Williams et al.* (1891), 126 Ind. 423, 26 N. E. 75; 23 I. L. E., *Pleading*, § 93, p. 323. A "speaking demurrer" is not a proper device. *Douglass v. Blankenship* (1875), 50 Ind. 160. "A defendant may not use a demurrer to serve the purpose of an answer by including in the demurrer allegations of fact which, although pertinent and material, have not been alleged by plaintiff." 1 Gavit Indiana Pleading and Practice, § 124, p. 611.

Former adjudication or *res judicata* is a matter of defense and prior to the enactment of the summary judgment statute, Acts 1965, ch. 90, § 1, p. 126, § 2-2524, Burns' 1968 Repl., it was waived where not pleaded and proved. *Brown v. Stapleton* (1940), 216 Ind. 387, 24 N. E. 2d 909; *Young v. Young* (1947), 118 Ind. App. 25, 76 N. E. 2d 267; 17 I. L. E., *Judgment*, § 442, p. 452. Appellants insist that even though the defense of *res judicata* had not

been properly raised in the court below at the time of the first appeal to this court, appellees actually raised it there as well as in the briefs on appeal, and appellees are now estopped from contending that the defense was not before this court. A reading of the opinion in this court discloses that the defense of *res judicata* was not discussed and no opinion was expressed thereon. We did not decide anything on this point which became the law of the case.

In the summary judgment procedure in the State court appellees set forth and rely upon the prior Federal court judgment, still without filing an affirmative answer. The propriety of raising such defense by summary judgment proceedings where it has not been affirmatively pleaded is not questioned in the briefs in these appeals. Our summary judgment statute is similar to Fed. R. Civ. P. 56, and our requirement of pleading *res judicata* affirmatively is similar to the requirements of Fed. R. Civ. P. 8(c). While the Federal decisions are not completely unanimous, it appears to be held generally that the defense of *res judicata* can be raised in Federal court by a motion for summary judgment. 1A Barron and Holtzoff, Federal Practice and Procedure, § 279, pp. 155-173. Where the facts necessary to constitute an affirmative defense are without conflict, and it is clear that a defendant desires to present the defense and not to waive it, nothing further could be developed by requiring that it be pleaded and that there be a trial of the issue. We hold that such defense was proper to be considered here, though not affirmatively pleaded by answer.

In order that a former judgment may constitute a defense, such judgment must have been on the merits. *Johnson v. Knudson-Mercer Co.* (1906), 167 Ind. 429, 79 N. E. 367; *Guthrie v. Blakely* (1955), 127 Ind. App. 119, 130 N. E. 2d 62, 131 N. E. 2d 357; *Banta v. Banta* (1948), 118 Ind. App. 117, 76 N. E. 2d 698, 77 N. E. 2d 597; *Evansville American Legion Home Association v. White* (1967), 141 Ind. App. 574, 230 N. E. 2d 623; 17 I. L. E., *Judg-*

*ment,* § 443, pp. 453-454. The Federal court judgment was not, in our opinion, rendered on the merits, but was based upon an erroneous view as to a procedural requirement. 58 Am. Jur., *Judgments,* § 348, p. 390; 50 C. J. S., *Judgments,* § 627, p. 52. It was therefore error to grant summary judgments by reason of such Federal court judgment.

The summary judgments entered herein are reversed and the causes remanded with instructions to overrule appellees' motions for summary judgment, to cause the issues to be closed, and for further proceedings not inconsistent with this opinion.

Pursuant to Acts 1881 (Spec. Sess.), ch. 38, § 652, p. 240, § 2-3237, Burns' 1968 Repl., the appellants shall recover costs.

Hoffman and Sharp, JJ., concur; White, J., concurs with opinion.

### CONCURRING OPINION

White, J.—While it is true that an adjudication not on the merits does not preclude relitigation of issues not decided (if the objection which proved fatal in the first action can be avoided in a subsequent action[1]) it is nevertheless,

---

1. *Griffith v. Bank of New York* (C. A. 2d N. Y.), 147 F. 2d 899, 160 A. L. R. 1340, cert. den. 325 U. S. 874, 89 L. Ed. 1992, 65 S. Ct. 1414, (1945); *Miller v. Milford,* 224 Iowa 753, 276 N. W. 826, 114 A. L. R. 1423, (1937); *In re, Craven,* 178 La. 372, 151 So. 625, 90 A. L. R. 973, (1933); *Healy v. Atchison T. & S. F. R. Co.* (Mo.), 287 S. W. 2d 813; *Chirelstein v. Chirelstein,* 12 N. J. Super 468, 79 A. 2d 884, (1951); *Brick v. Cohn-Hall-Marx Co.,* 283 N. Y. 99, 27 N. E. 518; *Converse v. Sickles,* 146 N. Y. 200, 40 N. E. 777, 48 Am. St. Rep. 790; *Hutchings v. Zumbrunn,* 86 Okl. 226, 208 P. 224, (1922); *Gist v. Davis,* 11 S. C. Eq. (2 Hill) 335, 29 Am. Dec. 89; *Peterson v. Morris,* 119 Wash. 335, 205 P. 408. Anno: 11 L. Ed. 1059. "A surrogate court's dismissal of a suit to compel an accounting by a trustee whose accounts have been previously approved by a judgment entered upon stipulation of the parties in the Supreme Court is not a bar to a suit in a federal court for damages for breach of trust and for duress in procuring the stipulation upon which the Supreme Court judgment was entered, where the dismissal was for reasons not going to the merits." *Griffith v. Bank of New York* (C. A. 2d N. Y.), 147 F. 2d 899, 160 A. L. R. 1340, cert. den. 325 U. S. 874, 89 L. Ed. 1992, 65 S. Ct. 1414.

conclusive as to the points actually decided.[2] The federal court decision was that appellants' cause of action was barred by the six-months limitation of Ind. Acts 1953, ch. 112, § 1401, Burns Ind. Stat. Ann. § 7-801, subsection (a) and that Ind. Acts 1961, ch. 287, § 1, which added subsection (f) creating an exception for tort claims, did not apply to appellants' cause of action which arose in 1959. Thus this federal court decision established a rule of law binding on the parties to this action. Therefore, had appellees, by answer or motion

---

2. *Healy v. Atchison, T & S. F. R. Co.*, (Mo.), 287 S. W. 2d 813; *Dunseth v. Butte Electric R. Co.*, 41 Mont. 14, 108 P. 567, 21 Ann. Cas. 1258, (1910); *Chirelstein v. Chirelstein*, 12 N. J. Super 468, 79 A. 2d 884; *Brick v. Cohn-Hall-Marx Co.*, 283 N. Y. 99, 27 N. E. 2d 518. In *Healy v. Atchison, T. & S. F. R. Co., supra* [287 S. W. 2d 813, 815 (1956)] the Supreme Court of Missouri said: "Obviously the judgment of dismissal in the first case was not a judgment on the merits of plaintiffs' cause of action; and, therefore, plaintiffs claim the right to commence a new action within one year under authority of Section 516.230. (Statutory references are to RSMo and V.A.M.S.) The trouble with plaintiffs' contention is that as the grounds for dismissal the Court decided plaintiffs had no right to maintain the action in the Circuit Court of the City of St. Louis and they did not appeal. In this situation, the rule is thus stated: 'Where a valid and final personal judgment not on the merits is rendered in favor of the defendant, the plaintiff is not thereby precluded from thereafter maintaining an action on the original cause of action and the judgment is conclusive only as to what is actually decided.' Sec. 49, A. L. I. Restatement of Judgments; see also Sec. 53, especially Comment c. In explanation of this rule, it is stated: 'A judgment for the defendant may be based upon the ground that the plaintiff is not entitled to maintain an action in the State in which the judgment is rendered and not on a ground which would be applicable to an action in other States. In such a case the judgment is on the merits to the extent that it will bar the plaintiff from maintaining a further action in that State, but it is not on the merits so far as actions in other States are concerned. . . . Although, where the judgment for the defendant is not on the merits, the plaintiff is not precluded from maintaining a new action on the same cause of action, he is precluded from relitigating the very question which was litigated in the prior action.' Restatement of Judgments, pp. 194-195: Likewise, it is stated in 30 Am. Jur. 945, Sec. 208: 'An adjudication on grounds purely technical, where the merits cannot come into question, is limited to the point actually decided, and does not preclude the maintenance of a subsequent action brought in a way to avoid the objection which proved fatal in the first action. As to the technical point decided, however, the judgment is conclusive, even though it is not conclusive as to the merits of the entire controversy.' See also 50 C. J. S., Judgments, § 638, p. 72; *Redmond v. Republic Steel Corp.*, 238 Mo. App. 647, 186 S. W. 2d 51. Thus, as to the question actually decided, in the judgment of dismissal, the judgment is conclusive against plaintiffs even though it was not conclusive on the merits of the cause of action or their right to maintain the action elsewhere."

for summary judgment, taken proper advantage of this prior adjudication that the cause of action was barred, they could have successfully defeated the state court action brought by appellants after the federal court action failed. But appellees chose to litigate anew the question already decided in their favor by the federal court.

Appellees chose to demur to the complaint. As the majority opinion holds, the federal court decision, not being alleged in the complaint could not have been considered as a prior adjudication *between appellants and appellees* in ruling on the demurrer. Therefore, the trial court and this court were free to decide whether the complaint stated a cause of action under the rules of law applicable in the absence of any prior litigation between the parties. The federal court decision having not been brought into the case as a prior adjudication *between the parties* hereto, was no more than a precedent arising from the adjudication of a similar issue between strangers.

The trial court followed the precedent, but this court quite correctly (I believe) concluded that the federal precedent was an erroneous interpretation of Indiana law. In doing so this court also made an adjudication binding on the parties under a rule known as "the law of the case", which is also a species of *res judicata*, limited, however, to questions of law and to subsequent proceedings in the same case.[3] Our problem is to determine which adjudication controls.

On remand and reconsideration of this case by the court below, a new fact was added to the facts alleged in the complaint on which we held in the first appeal that because Ind. Acts 1961, ch. 287, § 1, applied retroactively, appellants' cause of action was not barred by Ind. Acts 1953, ch. 112, § 1401, Burns' Ind. Stat. Ann. § 7-801, subsection (a). The new fact

---

3. *Alerding v. Allison*, 170 Ind. 252, 258, 83 N. E. 1006, 127 Am. St. Rep. 363 (1908), *Westfall v. Wait*, 165 Ind. 353, 359, 73 N. E. 1089, 6 Ann. Cas. 788 (1905); 2 Freeman on Judgments (5th Ed.) §§ 630, 639; *Sturgis v. Rogers*, 26 Ind. 1, 14 (1866).

was added by an affidavit supporting a motion for summary judgment. The new fact was that it was in a prior *action between the parties to this case,* that the federal court had rendered a final decision that the 1961 act was not retroactive and that the cause of action was barred. I am reluctantly driven to the conclusion, from reading the Indiana authorities,[4] that this new fact put an end to the conclusive force and effect of our prior decision as "the law of the case" —if it was proper for the trial court to consider that new fact in ruling on the motion for summary judgment.

*Res judicata* is a defense that can be waived[5] and it is my opinion that it was waived by the appellees when they elected to relitigate in the trial court (and in this court), on demurrer, the law question of whether appellants' cause of action was barred by the 1953 statute rather than by properly asserting (by answer or summary judgment motion supported by affidavit) that it was barred because the federal court had already decided that law question against appellants.[6]

4. *Dodge v. Gaylor,* 53 Ind. 365 (1876); *Davis v. Krug,* 95 Ind. 9; *Buehner Chair Co. v. Feulner,* 164 Ind. 368, 371, 73 N. E. 816 (1905); *Alerding v. Allison,* 170 Ind. 252, 260, 83 N. E. 1006 (1907).

5. *Brown v. Stapleton,* 216 Ind. 387, 391, 24 N. E. 2d 909 (1940).

6. "A party cannot rely upon a judicial determination of any issue by way of estoppel, and also upon proof of the facts upon which the determination is based. The necessary effect of the estoppel is to preclude all inquiry as to the truth of the matter determined, and *when a party who is entitled to set up the estoppel opens the inquiry into the truth of the matter he cannot complain that the other party pursues it without regard* to the estoppel". *Megerle v. Ashe,* 33 Cal. 74, 84 (1867). [That case involved truth of facts vs. their prior adjudication. The case at bar involves correctness of a rule of law vs. its prior adjudication. Appellees by their demurrer opened the inquiry into what was the correct rule of law and cannot now complain that appellants pursued that inquiry *without regard* to estoppel by the federal court decision.]

"Before a party can be held conclusively to have waived defense of estoppel by former judgment, he must have assumed a position so inconsistant with the assertion as to amount to an election to abandon it [which appellees did by demurring and permitting an appeal without having asserted the prior adjudication as an estoppel] or proceedings must have reached a stage that the allowance would be inequitable. [The second appeal is such a stage.] *Hickey v. Johnson,* C. C. A. Okl., 9 F. 2d 498. . . ." 50 C. J. S. 15, *Judgments* § 597, note 21.

Therefore the law of *this case* established by our former adjudication is still the law of this case.

I therefore concur in the result reached by the majority.

NOTE.—Reported in 248 N. E. 2d 378.