[No. 3885.]

## IN RE DISBARMENT OF ARTHUR H. WALKEY.

1. ATTORNEYS AT LAW—DISBARMENT PROCEEDING—SERVICE OF NOTICE—JURISDICTION.

Under sections 200, 201 and 202, Mills' Ann. Stats., providing for disbarment of attorneys and providing that written notice stating grounds of complaint and copy of rule to show cause shall be duly served upon the attorney; but not directing how the notice shall be served; notice and copies mailed by the clerk properly addressed to the attorney at his place of residence is sufficient to give the court jurisdiction of the proceedings and the person of the attorney.

2. SAME.

Jurisdiction in disbarment proceedings cannot be ousted by respondent's removal from the state after service of notice but before return day of the rule to show cause.

3. ATTORNEYS AT LAW—DISBARMENT PROCEEDINGS—PRACTICE—DEFAULT.

In disbarment proceedings where the respondent makes default the charges must be proven.

*Original Proceedings.*

*Preliminary Question of Jurisdiction.*

Mr. CALDWELL YEAMAN, Mr. PLATT ROGERS, Mr. DAVID M. CAMPBELL, attorney general, and Mr. CALVIN E. REED, for relator.

No appearance for respondent.

PER CURIAM. By rule duly entered, the attorney general was directed to institute this proceeding against the respondent. In compliance with this order, an information was filed, and respondent ruled to show cause, within a time specified, why he should not be disbarred for the gross unprofessional conduct charged. Thereafter, and on the day the rule was entered, the clerk of this court mailed him, in a sealed envelope, postage prepaid, addressed to his place of residence in this city certified copies of the complaint, upon which the

proceedings were originally based, the information, and rule to show cause.   Later, and before the return day of the rule, there was left with his wife, a member of his family over the age of fifteen years, at his usual place of residence, duplicates of the copies mailed.   Respondent entered no appearance, and it is understood, has left the state.   After the expiration of the time within which the rule was returnable, upon application of the relator for further orders, it was suggested that on account of the manner of service, and the fact that respondent was now beyond the territorial jurisdiction of this court, that it was without, and could not obtain, jurisdiction of this proceeding; and the question now to be determined, is, whether or not it has acquired jurisdiction over the person of respondent, and may proceed, without further notice upon him, to investigate the charges and render judgment in the case.

It has been conceded from time immemorial, that every court vested with authority to admit to the bar, has the inherent power to strike from its rolls the name of any attorney convicted of malconduct in the discharge of his duties as such (*Boone v. State*, 22 Ark. 149; *People v. Turner*, 1 Cal. 143; *Bradley v. Fisher*, 13 Wall. 335), and in the absence of statutes governing the procedure in such cases, may proceed in any summary way which does not deprive the accused of the substantial right to present evidence, and be heard in his own defense.   *Ex parte Steinman et al.*, 95 Pa. St. 220; *Ex parte Heyfron*, 7 How. (Miss.) 127; *People v. Turner, supra; Penobscot Bar v. Kimball*, 64 Maine, 140; *Bradley v. Fisher, supra; Randall v. Brigham*, 7 Wall. 533.

Our statutes are but declaratory of the common law on these subjects.   They provide that for malconduct in the discharge of his duties, as such, and for special causes, an attorney may be disbarred, but before his name is stricken from the roll, he shall receive written notice from the clerk, "stating distinctly the grounds of complaint, or the charges exhibited against him, and he shall, after such notice, be heard in his defense, and allowed reasonable time to collect and pre-

pare testimony for his justification." Mills' Ann. Stats. secs. 200, 201, 202. The statute does not direct how such notice shall be served, and in the absence of specific directions regarding such service, any method adopted from which it appears that respondent received the required notice will be sufficient. The copies mailed distinctly advised him regarding the charges, and the time within which he was to plead thereto, and as they were mailed in the usual way, properly addressed, the presumption attaches that he received them in due time (*Montelius v. Atherton*, 6 Colo. 224; *Breed v. First Nat. Bank*, 6 Colo. 235; 16 Ency. Law, 825; 1 Greenleaf's Ev. § 40), and having had the required notice, jurisdiction over his person and the proceedings has been acquired. He has had ample opportunity to answer the information filed, and present evidence in his defense, but has not chosen to do either. Jurisdiction having attached, no act or mission upon his part can oust it. Subject to the limitations already noticed, the manner in which proceedings of this character shall be conducted is a matter of judicial regulation. *Randall v. Brigham, supra.* The respondent having made default, the charges must be proven (*Smith v. State*, 1 Yerger (Tenn.), 228), and that he may not receive notice of further proceedings is his fault, but that cannot arrest or suspend them.

The matter will proceed in the usual way to final judgment, and to that end H. C. Vidal is appointed referee, to take and report, with convenient speed, all material and competent testimony and proofs offered by relator, in support of the charges exhibited, together with his findings of fact thereon.

*Jurisdiction sustained.*