(125 So. 591)

No. 29967.

## In re CRAVEN.

Dec. 2, 1929.

Nicholas Callan, John R. Upton, and Charles F. Fletchinger, all of New Orleans, for disbarment committee.

William A. Porteous, of New Orleans, for curator ad hoc.

OVERTON, J. This is a suit for the disbarment of an attorney and counsellor at law, and therefore comes within the original jurisdiction of this court. The petition sets out that defendant has left the state permanently, without leaving any one to represent him, and contains a prayer for the appointment of a curator ad hoc, to represent him, upon whom service of citation shall be made. The curator ad hoc, appointed, appeared after service of citation was made on him, and excepted to the proceeding on the ground that the appointment of a curator ad hoc was null and void, the appointment not being authorized by law or the rules of the court, and that, the appointment being null, the service of citation upon him is also null.

The exception involves the right to bring the defendant into court by constructive service in disbarment proceedings, it being impossible to obtain personal or domiciliary service. The question here presented, is res nova in this state. While it is res nova, we entertain no doubt that a defendant may be brought into court by constructive service, in a disbarment proceeding, where the use of such service becomes necessary. This court possesses jurisdiction, ratione materiæ, in all disbarment cases, and its jurisdiction therein is original and exclusive. Const. 1921, art. 7, § 10. Since the court possesses jurisdiction in such cases, it must have some means of bringing the defendant into court. It is not to be tolerated for one moment that an attorney and counsellor at law may conduct himself so as apparently to call for his disbarment or suspension and defeat the proceeding, and still remain a member of the bar, though only nominally so, by leaving the state permanently before service of citation is had upon him. The practice of law in this state

is not a right, but a privilege, which may be taken away from the person to whom granted for cause. Once the privilege is granted, so long as it continues to exist, the person to whom it is granted, wherever he may be, is subject to the jurisdiction of this court, touching his right to continue to exercise the privilege in the state. The law does not sanction, nor was it ever contemplated, that the privilege of practicing in this jurisdiction, even where circumstances make it a nominal privilege, must be submitted to the courts of the state to which the one possessing the privilege has departed. The proper court of this state alone has jurisdiction to decide whether the privilege granted shall continue to exist. The question, though one of first impression in this state, has been presented in, at least, two states of the Union, namely, Colorado and California. In Re Walkey, 26 Colo. 161, 56 P. 576; In Re Holland (Cal. App.) 274 P. 559. In both these cases the constructive service had was sustained.

Once it appears that a court of the state has jurisdiction in such matters, it is for the state to determine, subject to the restrictions of the Fourteenth Amendment of the Constitution of the United States, in what manner the defendant in the cause may be brought into court personally or constructively. Michigan Trust Co. v. Ferry, 228 U. S. 346, 33 S. Ct. 550, 57 L. Ed. 867; Haddock v. Haddock, 201 U. S. 562, 26 S. Ct. 525, 50 L. Ed. 867, 5 Ann. Cas. 1; Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565.

It is urged in the present case that there is no provision of law that authorizes the appointment of a curator ad hoc, on whom service of citation must be made, in disbarment suits, in those cases, where the defendant has absented himself from the state. Ordinarily, where the person intended to be sued is an absentee, and not represented in the state, and the situation is such that a judgment in rem may be obtained, the proper course to pursue is to have an attorney at law, who is usually styled a curator ad hoc, appointed to defend the suit, on whom citation is served. Code of Practice, art. 116, as amended by Act No. 167 of 1924. Subsection 15 of section 1 of Act No. 179 of 1918.

■ However, this is a proceeding for disbarment. The Constitution, in vesting this court with jurisdiction, provides that: "It [the Supreme Court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court, * * *." Const. 1921, art. 7, § 10. Therefore, the court is required to provide rules for the suspension or disbarment of attorneys. The rules contemplated include provisions for bringing the defendant into court either personally or constructively. Hence, the articles of the Code of Practice, cited above, relative to the appointment of curators ad hoc, and the service of process on them, have no application here. We must look to the rules of court for the manner of bringing the defendant, in such cases, into court. The court has adopted rules governing the suspension and disbarment of attorneys and counsellors at law. 161 La. pp. vii and viii. These rules, however, do not provide for the appointment of a curator ad hoc, or attorney at law, to represent the defendant, on whom service of process should be made, in the event the defendant should be an absentee, or should absent himself from the state before service is made on him. The rules apparently contemplate personal service only, for they provide, as appears from section 8 thereof, that "the member of the bar proceeded against shall be required to plead or answer within fifteen days from and after receipt by him of a copy of the complaint, to be served by the sheriff of the parish of his domicile. * * *" ..

Therefore, in the absence of a rule, providing for the appointment of a curator ad hoc, or attorney at law, or for other manner of constructive service, where the defendant is an absentee, or his whereabouts are unknown, we feel that we should sustain the exception, filed herein, and dismiss the proceeding.

Accordingly, the exception filed herein is sustained, and this proceeding, therefore, is dismissed.