[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 374 
This matter has been before us once already. See 169 La. 555,125 So. 591. *Page 375 
At that time we held that under the provisions of article 7, § 10, Const. 1921, all proceedings for the disbarment of attorneys must be had exclusively under rules to be adopted by this court; that the rules then existing provided for no substituted service when the attorney against whom the proceedings were instituted could not be served in person.
Thereafter, to wit, on January 23, 1930 (169 La. p. vii), this court amended its rules so as to provide that, "if it shall appear by affidavit, to the satisfaction of the court, that the accused [attorney] resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid service of citation, the court shall appoint an attorney at law to represent the accused, as against whom all proceedings shall be carried on contradictorily, with like effect as if the accused had been served personally with process."
The proceeding against the accused having been dismissed on the grounds above set forth, to wit, want of proper service, the disbarment committee thereupon brought proceedings anew against the accused; and, having shown by affidavit, to the satisfaction of the court, that the accused had departed from the state, leaving no one to represent him, an attorney at law was appointed to represent him, upon whom process was duly served.
The attorney so appointed excepted to the proceedings on the grounds (1) that the judgment sought against the accused was a personal one and could not be based on substituted process, and (2) that the rule of court providing for substituted process having been adopted subsequent to the date of the alleged *Page 376 
misconduct of the accused was ex post facto, and therefore void as to him.
 I.
It is a well-settled principle of construction, which is established by a long line of cases, that the constitutional prohibition against the passage of ex post facto laws applies only to penal or criminal matters. Laws which affect only civil rights or which regulate civil remedies are not within the rule which prohibits the passage of ex post facto laws. 12 C.J. 1099 (Const. Law, 803).
But a proceeding for the disbarment of an attorney is not a criminal proceeding, since the purpose thereof is not to punish the attorney but to preserve the courts of justice from the official ministration of persons unfit to practice in them. 6 C.J. 581 (Attorney Client, 37). And, where the purpose of a statute is to protect the public from unfit persons, it is constitutional, although it disqualifies a person by reason of past acts from continuing in the practice of his profession or from remaining in his business. 12 C.J. 1106 (Const. Law, 815).
Hence the rule providing for substituted service on an absent attorney, even though adopted after the commission of the alleged offense, is not an ex post facto law.
 II.
The judgment herein sought against the accused is not a personal judgment, but a judgment in rem. A judgment in personam can result only from some personal obligation which follows the person wherever he may be and may be enforced wherever he may be found. But the present proceedings *Page 377 
do not seek to enforce any personal obligation on the part of the accused; their only purpose is to declare his status as an officer of courts of this state.
Of that status the courts of this state alone have jurisdiction, and yet it may be (and in this case is) essential to pass upon that status.
Hence, if the courts of this state alone have jurisdiction of the subject-matter, to wit, the status of the accused as a member of the bar of this state, and it becomes necessary to pass on that status, it follows that the courts of this state must have some method of subjecting him to their jurisdiction; and, since that cannot be done by personal service, it follows that substituted service may be resorted to.
It is clear that the privilege or right to practice law is no greater than that of a public officer to continue in the exercise of his function and draw the emoluments of his office. Let us suppose, then, that some public officer should do some act authorizing his removal and then depart from the state. Would it for a moment be contended that, by such removal and the consequent inability to reach him by personal service, he might thereby render abortive any attempt on the part of the state to secure his removal from office? Surely not. And, since the state would be powerless to proceed by personal service, it follows that substituted service would be the only process that could be resorted to.
 Decree.
The exception herein filed is therefore overruled. *Page 378 
 On the Plea of Res Judicata.