The defendant has filed a plea of res judicata, founded upon the judgment dated the 2d of December, 1929, In re Craven,169 La. 555, 125 So. 591, dismissing the disbarment proceedings against this defendant, for want of a valid service of summons or citation. The reason for the ruling that the service of citation upon the curator ad hoc, appointed to represent the absent defendant, was not valid, was that there was no law nor rule of court providing for the appointment of a curator ad hoc to represent a defendant in a disbarment proceeding, where the defendant had departed permanently from the state. Thereafter the court adopted the rule (169 La. p. vii) providing for the appointment of a curator ad hoc, and for service of citation upon him, in such cases. A judgment dismissing a suit for want of a valid service of summons or citation cannot sustain a plea of res judicata in a subsequent suit on the same cause of action. A plea of res judicata cannot prevail unless the issue tendered in the second suit was disposed of by the judgment rendered in the former suit. Rev. Civ. Code, art. 2286; Fink v. Martin, 5 La. Ann. 103; Pepper v. Dunlap, 5 La. Ann. 200; Fisk v. Parker, 14 La. Ann. 491; Buck Beauchamp v. Blair Buck, 36 La. Ann. 20; Penouilh, Tutor, v. Abraham, 43 La. Ann. 216, 9 So. 36; Laroussini v. Werlein, 50 La. Ann. 637, 23 So. 467; Laenger v. Laenger, 138 La. 532, 70 So. 501.
The plea of res judicata is overruled. *Page 379 
 On the Merits.