

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 23, 1948

Hon. M. H. Crabb, M. D.
Secretary
Board of Medical Examiners
Fort Worth, Texas

Opinion No. V-754.

Re: The procedure to be followed to
revoke the medical license of
one deported to Germany follow-
ing cancellation of citizenship
for conspiracy to violate the
Espionage Act.

Dear Sir:

Your request for an opinion from this office
upon the above titled subject matter contains the fol-
lowing:

"In 1930 Dr. Wolfgang Ebell, a graduate
of the University of Freiberg School of Med-
icine, Germany, was granted a license to
practice medicine in the State of Texas by
written examination. In 1942 he was convict-
ed of conspiring to violate the Espionage Act
of 1911, etc., and had his citizenship papers
cancelled in El Paso Federal Court, Case No.
165, Civil Action on April 2, 1942. He was
confined to a Correction Institution from
1942 until 1947 when he was deported to Ger-
many. On November 12, 1947, the Texas State
Board of Medical Examiners voted, in execu-
tive session, to institute proceedings to re-
voke the license of Dr. Wolfgang Ebell. A
request has been made of the District Attorney
of El Paso for revocation of the license of
Wolfgang Ebell due to his dishonorable conduct
and deportation. The District Attorney has
raised the question of whether or not Wolfgang
Ebell can be cited by publication or must he
be cited in person as set out in Article 4507,
R. C. S.

"Question No. 1. Under the facts and cir-
cumstances stated above, can the District Attor-
ney institute proceedings against Wolfgang
Ebell for the revocation of his license to prac-
tice medicine in the State of Texas when the
Texas State Board of Medical Examiners has not
cited him to appear and show cause why his li-
cense should not be revoked?

"Question No. 2. Under the circumstances
stated above, can the District Attorney cite
Wolfgang Ebell by citation by publication? Or
must he be cited by citation in person as stated
in Article 4507, R. C. S.?"

Although under Article 4505, R. C. S., the State
Board of Medical Examiners has the authority to "refuse to
admit persons to its examinations, and to issue license
to practice medicine to any person," there is no authority
in the board to revoke or cancel such license. The author-
ity to revoke, cancel or suspend the license of any prac-
titioner of medicine is given only to the district courts
of this state by Article 4506, R. C. S., such article mak-
ing it "the duty of the several District and County attor-
neys of this State to file and prosecute appropriate judi-
cial proceedings for such revocation, cancellation, or
suspension, in the name of the State, on request of the
Board of Medical Examiners." The statutes do not provide
for any hearing before the board, nor do we think that due
process requires a hearing before the board can request
that a suit be brought to revoke a license, there being no
power of revocation in the board itself. No hearing being
required by the statutes or otherwise before the board
takes this preliminary step toward the institution of judi-
cial proceedings for revocation, we think your first ques-
tion should be answered in the affirmative.

Article 4507, R. C. S., provides that in such
judicial proceedings citation shall be issued "in the man-
ner and form as in other cases." Rule 109 of the Rules of
Civil Procedure provides:

"Where a party to a suit, his agent or
attorney, shall make oath that the residence
of any party defendant is unknown to affiant
. . . the Clerk shall issue citation for such

defendant for service by publication . . .
provided, however, that where the affidavit
shows that the defendant is not within the
continental United States, and is not in the
Armed Forces of the United States, it shall
not be necessary for the party to show that
the residence or whereabouts of the defend-
ant is unknown or that an attempt has been
made to procure service of non-resident no-
tice."

The applicability of this rule in the present
case involves the question of the nature of a proceeding
to revoke a physician's license, that is, whether it be
one in personam or in rem or quasi in rem. If it be one
in personam then personal service is necessary, but "in
suits in rem or quasi in rem, personal service is not
necessary and may be constitutionally dispensed with,
and constructive service by publication may be made if
authorized by statute." 126 A. L. R. 664. In discuss-
ing suits in rem or quasi in rem, the annotator in 126
A. L. R. 664, 666 says:

"Suits quasi in rem . . . are personal
in form in that the owner's personal rights
in the property are affected by the decree;
but as the judgment operates on the property
itself, and merely incidentally affects the
personal rights of the owner, such suits are
regarded in effect as in rem, and are fre-
quently designated as quasi in rem."

Although there are few cases on the subject, it
is generally held that a proceeding to revoke a license of
this kind is a proceeding in rem. Board of Dental Exam-
iners v. Hedrick, 116 W. Va. 222, 179 S. E. 809 (1935) in-
volved the revocation of a license to practice dentistry.
In discussing the nature of such a proceeding, the court
said:

"This proceeding is, in effect, one in
rem. State v. Richardson, 108 Conn. 45, 142
A. 406; Freeman on Judgments (5th Ed.) § 1534;
1 C. J., subject Actions, § 171; 1 R. C. L.,Id.
§ 13. The defendant resided in Ohio. Person-
al service on a nonresident is not requisite
to jurisdiction in an in rem proceeding. (Cita-
tions) Code, 30-1-8, provides that notice

shall be served on a defendant in such cases
as a notice is served under Code 56-2-1.  The
latter statute relates to personal service.
Code, 56-2-2, provides, however, that 'any
such notice' to a person not residing in this
state may be served by publication, etc.  The
two statutes being read together jspecifically
authorize the service of notice on the defend-
ant herein by publication. . . ."

In re Craven, 178 La. 372, 151 So. 625, 90 A.L.R.
973 (1931) was a disbarment proceeding in which the attor-
ney excepted on the ground that the judgment sought against
the accused was a personal one and could not be based on
substituted process.  The court said:

"The judgment herein sought against jthe
accused is not a personal judgment, but a judg-
ment in rem.  A judgment in personam can re-
sult only from some personal obligation which
follows the person wherever he may be and may
be enforced wherever he may be found.  But the
present proceedings do not seek to enforce any
personal obligation on the part of the accus-
ed; their only purpose is to declare his status
as an officer of courts of this state.

"Of that status the courts of this state
alone have jurisdiction, and yet it may be (and
in this case is) essential to pass upon that
status.

"Hence, if the courts of this state alone
have jurisdiction of the subject-matter, to-wit,
the status of the accused as a member of the
bar of this state, and it becomes necessary to
pass on that status, it follows that the courts
of this state must have some method of subject-
ing him to their jurisdiction; and, since that
cannot be done by personal service, it follows
that substituted service may be resorted to."

State v. Richardson, 108 Conn. 71, 142 Atl. 406
(1928) was a case in which a license to practice medicine
was revoked.  There the court said:

"The revocation of his license by the de-
partment of health and the subsequent proceed-
ings terminated in a judgment which was in ef-
fect one in rem and established his status as

one not entitled to practice medicine in the
state of Connecticut."

It is said in 1 Am. Jur. 435-437, Sec. 45:

"A proceeding in rem is not confined to
the status of things, but extends to the status
of individuals and their relations to others.
Proceedings in rem include . . . a proceeding
to revoke a dentist's license . . . ."

In view of the above, we are of the opinion that
such a proceeding as is here contemplated is a proceeding in
rem, notice of which can be given by publication as provided
in  Rule 109.  Service thus obtained would give the court
jurisdiction to render a judgment revoking the license for
good cause, but would not authorize the imposition of a per-
sonal judgment, as for the court costs.  Therefore, the
first question in question 2 is answered in the affirmative,
and the second question in question 2 is answered in the neg-
ative.

## SUMMARY

Where a doctor has been deported to Ger-
many as an undesirable alien, the district
attorney may lawfully institute proceedings
for the revocation of his license on request
of the Board of Medical Examiners, without
the board having personally served such doc-
tor with notice or citation to appear and
show cause why his license should not be re-
voked.  Citation by publication, as provided
in Rule 109, may be made in such suit.  Ac-
tion to revoke such license is a proceeding
in rem, and citation by publication satisfies
the requirements of due process of law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

JPL:
OS:wb

By  *Jesse P. Luton, Jr.*
Jesse P. Luton, Jr.
Assistant

By  *Ocie Speer*
Ocie Speer
Assistant