127 So.2d 275 (1960)
Emile A. WAGNER, Jr. In His Capacity as Member of the Orleans Parish School Board,
v.
James F. REDMOND in His Capacity as Superintendent of the Orleans Parish Public Schools.
No. 224.
Court of Appeal of Louisiana, Fourth Circuit, En Banc.
February 20, 1960.
Rehearing Denied March 13, 1961.
Certiorari Denied April 25, 1961.
*276 Julian B. Humphrey, New Orleans, for plaintiff and appellee.
Samuel I. Rosenberg, New Orleans, for defendant and appellant.
McBRIDE, Judge.
This is a suit for a writ of mandamus by means of which relator, who is a duly elected, qualified and commissioned member of the Orleans Parish School Board, seeks to compel respondent, Dr. James F. Redmond, Superintendent of the Orleans Parish public schools, to furnish him with the names and addresses of the pupils enrolled at the Frantz and McDonogh No. 19 elementary schools in New Orleans.
The usual alternative writ of mandamus was issued; upon the rule nisi being called, defendant interposed several exceptions which were overruled; thereupon defendant made answer to the petition and a hearing of the matter on the merits was had, at the termination of which the trial judge rendered judgment in favor of relator and against respondent perpetuating the alternative writ. Respondent has appealed.
Only a question of law is involved and that is: Can respondent as Superintendent of the Public Schools withhold from relator, a member of the School Board, the data which relator desires? It is conceded that respondent has control of and access to complete records containing the names and addresses of the pupils at the two schools, which names and addresses are registered in a card system maintained by employees of the School Board over whom respondent has supervision.
The general school law is to be found in LSA-R.S. 17:1 through LSA-R.S. 17:386, and the powers and duties of school boards and parish superintendents are delineated therein. Sub-part C (LSA-R.S. 17:121 through R.S. 17:127) pertains to the Orleans Parish School Board, and in LSA-R.S. 17:122 it is provided:

*277 "All laws, and all rules and regulations of the state board of education governing other parish school boards throughout the state, shall govern the Orleans Parish School Board, except as otherwise specifically provided in this Title."
Turning to the general school law, we find in LSA-R.S. 17:93 the following provision:
"Each parish superintendent shall keep a record of all business transacted by him as parish superintendent, the names, numbers and description of school districts, the tabulation of reports of school principals made monthly to him by the principals of the schools of his parish, and all other papers, books, and documents of value connected with his office, which shall be at all times subject to inspection and examination by the state superintendent of education, or by any officer, or citizen. * * *"
Among other duties, as appears from LSA-R.S. 17:93, the parish superintendent shall keep a record of all business transacted by him, the tabulation of reports of school principals, and all other papers, books and documents of value connected with his office which, at all times, shall be subject to inspection and examination by the state superintendent of education, by any officer, or citizen. Among the "papers, books, and documents of value connected with his office" must necessarily include the names and addresses of the children attending the public schools as contained in the card index system kept in the superintendent's office.
The respondent, in defense of this action, relies on a certain rule established by the School Board some time ago to the effect that the names and addresses of the pupils attending the public schools would be kept secret and not divulged to "anyone." Subsequently four members of the Board (excluding relator) interpreted the rule to mean that such information could not even be given to a member of the Board. It was on the basis of the interpretation of said rule by the four members of the Board that respondent refused to furnish relator with the information requested. Respondent takes the position he has no authority to comply with relator's demand for the information in view of the ruling of the School Board.
We think respondent's position untenable. The law makes the records of the superintendent's office at all times subject to inspection as aforesaid, and the School Board by adopting the rule above-mentioned cannot negate the clear provisions of the statutory law governing the operation of public schools. It is true under LSA-R.S. 17:81 each school board is authorized to make rules and regulations for its own government; however, this section states that the rules are not to be "inconsistent with law." In view of said provision of LSA-R.S. 17:81 that the rule shall not be inconsistent with law, the defense relied upon by the superintendent is not valid.
The general law with reference to the power of school boards to make rules and regulations is found in 78 C.J.S. Schools and School Districts § 121, p. 908, as follows:
"The power to make rules and regulations is subject to the limitation that no such rule or regulation may conflict with or contravene any statute or constitutional provision, * * *."
The fact respondent was ordered by a majority of the Board to take such action as he did does not excuse his failure to comply with the duty the statute imposes upon him.
We can well understand that the superintendent was on the horns of a dilemma. To violate the order of a majority of his superiors might subject him to dismissal for insubordination, while refusal to a minority member of the Board or others entitled to the records under the statute could very *278 well subject him to criminal prosecution and penalties under LSA-R.S. 42:322.
The voluntary deviation from duty by a public officer in good faith and upon what he believes to be good advice and good reason might be a defense to a charge of nonfeasance in office, but not a defense by the superintendent to a demand made upon him by such minority member for access to the records made available to such minority member by the mandate of the law, irrespective of whether the minority member's views are not in accord with a majority. And however wise or meritorious the advice given the superintendent by the City Police or F.B.I. that the information relator seeks should be kept secret even from a member of the Board, such advice could not justify the action of the Board in suspending the operation of the law in view of the mandate of La.Constitution, Art. 19, § 5, LSA, to the effect:
"No power of suspending laws of this State shall be exercised unless by the Legislature, or by its authority."
Respondent's counsel reurges before us the exceptions filed below. Our opinion is they were correctly overruled. The only exception that need be discussed at all is that of nonjoinder of parties defendant, it being the contention of respondent that the School Board should have been made a codefendant. We do not think there is merit in the contention the School Board is an indispensable party. Whereas the law makes it mandatory, not discretionary, on the part of the superintendent to permit inspection of his records, he alone is the one charged by law with furnishing the information to a person having the right to receive it, such as relator, and hence the superintendent is the proper defendant. However, the School Board, while not an indispensable party, could have intervened and joined with respondent in defense of the suit if the members thereof saw fit.
For the reasons above assigned, the judgment appealed from is affirmed.
Affirmed.