FORET, Judge.
This is a suit for damages allegedly caused by defamatory statements in a prior suit between the same parties. Based upon a compromise agreement entered into by the parties terminating the first suit, defendants herein interposed a peremptory *729 exception of res judicata which the trial court sustained, dismissing plaintiff’s suit. Plaintiff appeals.
The first suit entitled “Bernard et al. v. Rose Mary Azar and Paul J. Azar, Sr.” (Docket No. 69,424, 15th Judicial District Court) was brought in 1977 by Dan A. Rit-chey, Jr. and others to remove a cloud on the title of certain property or for certain other items dealing with that property. The Azars, defendants therein, answered and filed a reconventional demand. Included in this reconventional demand were certain allegations that Dan Ritchey (plaintiff in both the first suit and this present one) contends, defamed him.
The initial suit was compromised. Three documents entitled “stipulations”, “release”, and “judgment” were drawn up and signed by both Ritchey and the Azars.
Some months after this, Dan Ritchey filed this present suit claiming damages for certain allegedly defamatory statements in the pleadings filed by the Azars in the first suit. The Azars filed a plea of res judicata based on the compromise and settlement of the initial suit. The trial court upheld this contention, stating that the parties “intended to end any and all litigation on all matters in that suit, including any action for defamatory remarks in the pleadings”. (Tr., pg. 51).
Plaintiff Ritchey alleges that the compromise agreement was worded and intended only to halt the law suit then in progress and that as his suit for defamation has a separate “cause”, it is not subject to a plea of res judicata based on the prior compromise.
The case of Cassidy v. Joseph, 204 La. 664, 16 So.2d 225 (1943) relied upon by the trial court and by the defendants upon appeal is applicable to the present situation although, as plaintiff points out, the wording of the compromise agreement in that suit is somewhat different (and arguably broader) than herein present. Cassidy and a bank were initially sued by Joseph on various transactions which took place between the parties. In those pleadings Joseph made allegations against the bank and Cassidy that were, if false, libelous. Subsequently, the parties entered into a compromise agreement and the initial suit was dismissed. Thereafter, Cassidy filed a defamation suit against Joseph claiming damages for the allegedly libelous remarks made by Joseph in the initial action. Based upon the compromise agreement, the Supreme Court affirmed a finding of res judi-cata stating:
“The plaintiff contends that the only question in dispute at the time the compromise agreement was entered into was an alleged indebtedness growing out of the various transactions. He takes the position that it was never contemplated that the agreement should cover or settle any claim which he might have growing out of the libelous allegations in the petition.
We cannot agree with the position taken by the plaintiff for the reason that the allegations complained of are all made with reference to the various transactions which were disposed of in the compromise settlement. Moreover, the language used in the compromise settlement is broad and comprehensive and purports to settle all claims between the parties.
A compromise is a transaction or agreement between two or more persons to adjust their differences by mutual consent. Article 3071, Revised Civil Code.
Such transactions or compromises have the force of things adjudged. Article 3078, Revised Civil Code.”
The compromise entered into in the Cassi-dy case was as follows:
“Settle all claims between the First State Bank & J. H. Cassidy, D. Rex Joseph, Simon M. Levy Estate. Of any nature or kind whatsoever and dismiss all pending litigation.”
Ritchey cites the cases of Sliman v. McBee, 311 So.2d 248 (La.1975) and Mitchell v. Bertolla, 340 So.2d 287 (La.1976) for the proposition that for res judicata to be utilized as a bar to a subsequent suit there must be identity of “cause” (in a civilian sense of the term) between the two suits *730 and that such is not here present as the first suit involved certain rights to immovable property and the present suit involves defamation. The Supreme Court held that compromise and settlement of a prior suit which was limited to claims asserted therein (promissory notes due) did not have identity of cause with a subsequent suit to dissolve the sale of realty in default of payment on remaining promissory notes and that the right of dissolution was not foreclosed by res judicata.
In Mitchell v. Bertolla, the Supreme Court found no “identity of cause” and overturned a plea of res judicata where plaintiff’s earlier suit had sought to nullify a contract for non-payment of rent and lesion whereas the present suit’s cause was fraud, lack of consideration, etc.
In the instant case the plaintiff seeks to apply Sliman and Mitchell to the present situation, alleging that in both instances the subsequent suits arose out of the same factual circumstances but that as they are not based on the same “cause", res judicata should not apply.
The crux of the matter is the meaning of the wording of the compromise agreement. Plaintiff alleges that, as drawn, it intended only to settle the issues raised in the then pending law suit relating to possession of property, the recordation of a purchase agreement and resulting damages. Defendants allege that the wording of the agreement is broad enough to include issues arising out of the law suit, including the alleged defamation contained therein. The “stipulation” entered into by the parties in the present situation in the initial suit states in part:
“It is stipulated and agreed that judgment issue dismissing the main demand, dismissing plaintiffs’ claim for attorney’s fees and damages which have resulted or may result from the filing of the document styled ‘Contract to Purchase and Sell’ recorded under Entry No. 77-8990 in the records of the office of the Clerk of Court for the Parish of Lafayette, Louisiana.”
The “release” signed by the parties contains the following wording:
“KNOW ALL MEN BY THESE PRESENTS: That, for and in consideration of the mutual dismissal of the claims in the law suit entitled ‘Robert B. Bernard, Sr., and James S. Fitzgerald, Sr., Trustees, et a 1. vs. Rose Mary Azar and Paul J. Azar, 15th Judicial District Court, Civil Docket No. 69424, Parish of Lafayette, Louisiana’, the said Robert B. Bernard, Sr., and James S. Fitzgerald, Sr., Trustees of the ‘J. Alfred and Pearl F. Begnaud Trust’, Dan A. Rit-chey, Jr. and Lucien C. Bertrand, Jr. do by these presents, release, remise and forever discharge Rose Mary Azar and Paul J. Azar from any and all liability arising out of the recordation of the document styled ‘Contract to Purchase and Sell’ recorded under Entry No. 77-8990 in the records of the office of the Clerk of Court for Lafayette Parish, Louisiana on May 9, 1977, including damages which have resulted or may result from the filing of said document and including any claim for attorney’s fees incurred as a result of the above-named litigation.’
The “judgment", in pertinent part, reads:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that this suit is hereby dismissed, with prejudice, dismissing plaintiff’s claim for attorney’s fees and damages which have resulted or may result from filing of the document styled ‘Contract to Purchase and Sell’ recorded under Entry No. 77-8990 in the records of the office of the Clerk of Court for the Parish of Lafayette, Louisiana;”
In Sliman, the wording of the compromise agreement specifically excluded settlement of all claims involving the property in question. We do not find such a reservation in the compromise agreement before us.
Plaintiff quotes Firemen's Pension and Relief Fund v. Sudduth, 276 So.2d 727 (La.App. 3 Cir. 1973) to the effect that res judicata does not apply to matters raised by the pleadings but not disposed of by judgment. Here the judgment (the compromise), defendant alleges, did dispose of the very issue now before us,
*731 “ . . . any and all liability arising out of the recordation of said document. . ."
from the release.
We conclude that the first law suit (including all of its pleadings) “arose out of” recordation of said document, and that when all parties agreed to the compromise, they intended to end “any and all” liability arising out of this matter, and that this suit arises out of the prior suit which was compromised by the above quoted language. We do not believe that the Azars would have consented to and signed the compromise agreement had they entertained any doubt that the said compromise did not lay at rest aII disputes between the parties.
We therefore affirm the judgment appealed.
All costs are assessed against plaintiff-appellant.
AFFIRMED.